**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| WEST FAMILY TRUST, and DAWN WEST, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 6:26-cv-03263-MDH |
| v. | ) ) | |
| MILLSAP & SINGER, LLC et al., | ) ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiffs West Family Trust and Dawn West's *Pro Se* Motion for Leave to Proceed *In Forma Pauperis* and Motion for Temporary Restraining Order and Request for Preliminary Injunction. (Docs. 1 and 2). Plaintiff Dawn West has attached her Application to Proceed Without Prepaying Fees or Costs in support. (Doc. 1). Plaintiffs wish to proceed *in forma pauperis* seeking a declaratory judgment resolving rightful title in property located at 603 Tackett Dr. Seymour, Missouri 65746 (the "Property") in which Plaintiff Dawn West resides. Plaintiffs also seek preliminary and permanent injunctive relief enjoining Defendants from recording, selling, or otherwise affecting the Property.

## I.    Motion for Leave to Proceed *In Forma Pauperis*

"Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). The Court is also required to conduct a review of Plaintiff's Complaint to be filed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that …. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which

1

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Here, Plaintiff Dawn West's financial condition and status may well qualify her to proceed *in forma pauperis*. However, before Plaintiffs may proceed, the Court must preliminarily consider the allegations of the Complaint under the three-prong test. Plaintiffs' Proposed Complaint alleges six self-titled counts: Count I - Violation of Due Process (U.S. Const. Amend. XIV); Count II - Declaratory Judgment & Quiet Title; Count III - Wrongful Foreclosure/Trespass to Title; Count IV - Fraud, Misrepresentation, and Concealment; Count V - Ethical Violations / Civil Remedies; and Count VI - Attorney Liability/Agency.[1]

Plaintiff West Family Trust is subject to dismissal from the case because it may not proceed without representation, and as a nonlawyer, Plaintiff Dawn West is not permitted to represent the trust. *See Knoefler v. United bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e. a trust, in a court of the United States." (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987))). Normally, in light of Plaintiff's *pro se* status, the Court would grant Plaintiff Dawn West leave to file an amended complaint and additional time to retain an attorney for Plaintiff West Family Trust. *See Munz v. Parr*, 758 F.2d 1254, 1259–60 (8th Cir. 1985) (explaining that a court should give a pro se plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint.) However, for reasons described below the Court will decline that opportunity here.

---

[1] Plaintiff's Proposed Complaint states claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and 28 28 U.S.C. § 2201. (Doc. 1-2, page 7). However, 15 U.S.C. § 1692 is titled congressional findings and declaration of purpose and 28 U.S.C. § 2201 is the statute stating that there is a remedy to seek a declaratory judgment. As Plaintiff has not specified how these claims apply to the stated Defendants, the Court will take the claims Plaintiff has presented within their attachment and other Complaint noted in Doc. 1-3.

2

Currently there is a Petition for Declaratory Judgment/Quiet Title action filed in the Circuit Court of Webster County, Missouri. *See* 26WE-CC00033 - *PennyMac Loan Services, LLC v. Toney D West et al*. On March 17, 2026, Defendant PennyMac Loan Services, LLC filed the state court action against Ms. West and Toney Dean West for a declaratory judgment and to quiet title on the Property that is the subject of this action. *Id*. As of the date of this Order, that case is still ongoing in the Circuit Court of Webster County, Missouri. *Id*.

Under the *Younger v. Harris* doctrine, federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions. *Plouffe v. Ligon*, 606 F.3d 890, 894–95 (8th Cir. 2010) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). In such circumstances, principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37, 41 & n.2, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).

Here, there is no question that there is an ongoing state proceeding dealing with the same issue Plaintiff wishes this Court to address, namely a declaratory judgment to quiet title to the Property. The state of Missouri has important state interests regarding the recording and ownership of property within the state. Lastly, Plaintiffs have an adequate opportunity to raise any relevant federal questions and other claims in the current state case. In review of the *Younger* doctrine the Court finds that to ensure principles of comity and federalism that it deny Plaintiffs' Motion to Proceed *In Forma Pauperis*.

## II.     Motion for Temporary Restraining Order and Request for Preliminary Injunction

The Court having denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* finds that Plaintiffs' Motion for Temporary Restraining Order and Request for Preliminary Injunction is found as moot.

**CONCLUSION**

The Court finds Plaintiff Dawn West's Application to Proceed Without Paying Fees or Costs establishes that she is unable to pay filing fees and court costs associated with bringing this Complaint. However, the Court finds that Plaintiff West Family Trust may not proceed in this case *pro se* and must be represented by an attorney. The Court further finds that the *Younger* doctrine compels this Court to abstain from exercising its jurisdiction in this case in favor of the ongoing state court proceeding in the Circuit Court of Webster County, Missouri. For these reasons, Plaintiffs' *Pro Se* Motion for Leave to File *In Forma Pauperis* is **DENIED** and Plaintiffs' *Pro Se* Motion for Temporary Restraining Order and Request for Preliminary Injunction is **FOUND AS MOOT**.

**IT IS SO ORDERED.**

Date: May 12, 2026

  */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

4